FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 18 2010

JAMES W. McCORMACK, CLERK
.By:_____
DEP CLERK

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS

CHRISTOPHER ALLEN, SHARON D. ANDERSON,  **PLAINTIFFS**
MATTHEW D. ARIVETTE, JASON BANGS,
LEE A. BERRY (JR), WILLIAM BLANTON, PHYLLIS L. BOLDEN,
TONY K. BONTON, CRESHONDRA BROWN, CAROLYN CARTER,
KALA CHERRY, MARY COLLINS, TRISTA E. COX,
JACQUELYN D. CURENTON, SHIRLEY M. CURRY,
LAKOIYA S. DIGGS, GINETTE L. DYER, KERRY B. EDMONDSON,
SHANNON R. FELLS, MELISSA S. FULMER, STEPHANIE GAINES,
DIANE GREEN, ADRIENNE D. GUPTON, ANTHONY J. HAMILTON,
DENITA HAMPTON, ALEXA V. HAWKINS, ERIC W. HOLCOMB,
ZAWAUNA HOLMES, CHARLETTE HUDSON, BRANDON HUFF,
REGINA HUSKEY, LOUIS E. INGRAM (JR.), ANGELA D. JACKSON,
CARL J. JACKSON, J. DEREK JESTER, SHUVONNE K. JOHNSON,
TRAVIS W. JOHNSON, LORENZO D. JONES, DEBORAH KEARNEY,
LARRY J. LAMBER (JR.), ELBERT LEWIS, PETRA A. LEWIS,
TALESA A. LEWIS, THEODORE LEWIS, ANDREW L. LOCKHART,
SARITA R. LOVE, EBONY N. MANCE, BETTY J. MCCOY,
NORMA J. MCLEMORE, GLENDA C. MOORE, BRIAN K. PAGE,
TRAVIS D. RIGGS,  FELECIA D. ROBINSON, WILBUR A. SCARBOROUGH,
THOMAS SICKING, DYLETHAT SIMMONS, PAMELA SMITH,
MARC A. STANLEY, BRADFORD L. STROHM (SR), JUWANNA L. STURD,
ROSLYN TENSLEY, TYRUS L. TOWNSEND, DAVID L. VANCE,
JACQUELYN WALKER, BETTY L. WARREN, KATHY P. WEBB,
MESHA L. WILLIAMS, PATRICK R. WILSON

V.                           CASE NO. ~~4-09-CV-0065SWW~~

                             4:10-CV-1514

PULASKI COUNTY                                              **DEFENDANT**

This case assigned to District Judge Wilson
and to Magistrate Judge Deere

**COMPLAINT**

COME now the Plaintiffs, Christopher Allen, et al., by and through their attorney, John T.

Holleman, of Holleman & Associates, P.A. and for their Complaint against the Defendant, Pulaski

County, they state and allege:

### JURISDICTIONAL STATEMENT

1.      The Plaintiff, Christopher Allen, as well as all other named Plaintiffs are residents

and citizens of Pulaski County, Arkansas.  At all times relevant to this complaint, they were

employed by the Pulaski County Sheriff's Department in various capacities that will be described below at the Pulaski County Regional Detention Facility (hereinafter "PCRDF"). They are non-exempt from the overtime requirements of the Fair Labor Standards Act. The named Plaintiffs are classified as hourly employees to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the Fair Labor Standards Act (hereinafter "FSLA").

2.      The Plaintiff, Christopher L. Allen, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

3.      The Plaintiff, Sharon Anderson, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

4.      The Plaintiff, Matthew D. Arivette, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

5.     The Plaintiff, Jason Bangs, is a resident and citizen of Pulaski County, Arkansas.

He was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, he

was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer

and is currently a sergeant and was classified as an hourly employee to be paid straight time for

all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days

pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski

County Personnel Policy Manual section 3(B).

6.     The Plaintiff, Lee A. Berry, Jr., is a resident and citizen of Pulaski County,

Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer, then promoted to sergeant and now currently a Lieutenant and was classified

as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a

half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called

the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

7.     The Plaintiff, William Blanton, is a resident and citizen of Pulaski County,

Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

8.      The Plaintiff, Phyllis L. Bolden, is a resident and citizen of Pulaski County,

Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

9.      The Plaintiff, Tony K. Bonton, is a resident and citizen of Pulaski County,

Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

10.      The Plaintiff, Creshondra Brown, is a resident and citizen of Pulaski County,

Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

4

11.     The Plaintiff, Carolyn Carter, is a resident and citizen of Pulaski County,

Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

12.     The Plaintiff, Kala Cherry, is a resident and citizen of Pulaski County, Arkansas.

She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she

was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer

and was classified as an hourly employee to be paid straight time for all hours worked up to 171

and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is

commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy

Manual section 3(B).

13.     The Plaintiff, Mary Collins, is a resident and citizen of Pulaski County, Arkansas.

She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she

was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer

and was classified as an hourly employee to be paid straight time for all hours worked up to 171

and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is

commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy

Manual section 3(B).

14.     The Plaintiff, Trista E. Cox, is a resident and citizen of Pulaski County, Arkansas.

She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she

was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

15.    The Plaintiff, Jacquelyn Curenton, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

16.    The Plaintiff, Shirley M. Curry, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

17.    The Plaintiff, Lakoiya Diggs, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

18.     The Plaintiff, Ginette L. Dyer, is a resident and citizen of Pulaski County, Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

19.     The Plaintiff, Kerry B. Edmondson, is a resident and citizen of Pulaski County, Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

20.     The Plaintiff, Shannon Fells, is a resident and citizen of Pulaski County, Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

21.     The Plaintiff, Melissa S. Fulmer, is a resident and citizen of Pulaski County,

Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

22.     The Plaintiff, Stephanie Gaines, is a resident and citizen of Pulaski County,

Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

23.     The Plaintiff, Diane Green, is a resident and citizen of Pulaski County, Arkansas.

She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she

was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer

and was classified as an hourly employee to be paid straight time for all hours worked up to 171

and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is

commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy

Manual section 3(B).  She is filing this complaint on behalf of herself and on behalf of all other

8

employees of Pulaski County Sheriff's Department, whether past, present or future, who are similarly classified.

24.     The Plaintiff, Adrienne D. Gupton, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

25.     The Plaintiff, Anthony J. Hamilton, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

26.     The Plaintiff, Denita Hampton, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

27.     The Plaintiff, Alexa V. Hawkins, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B)

28.     The Plaintiff, Eric W. Holcomb, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

29.     The Plaintiff, Zawanna Holmes, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

30.     The Plaintiff, Charlette Hudson, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

31.    The Plaintiff, Brandon Huff, is a resident and citizen of Pulaski County, Arkansas.

He was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, he

was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer

and was classified as an hourly employee to be paid straight time for all hours worked up to 171

and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is

commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy

Manual section 3(B).

32.    The Plaintiff, Regina Huskey, is a resident and citizen of Pulaski County,

Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).  She is filing this complaint on behalf of herself and on

behalf of all other employees of Pulaski County Sheriff's Department, whether past, present or

future, who are similarly classified.

33.    The Plaintiff, Louis E. Ingram, Jr., is a resident and citizen of Pulaski County,

Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

34.     The Plaintiff, Angela D. Jackson, is a resident and citizen of Pulaski County,

Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

35.     The Plaintiff, Carl J. Jackson, is a resident and citizen of Pulaski County,

Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

36.     The Plaintiff, J. Derek Jester, is a resident and citizen of Pulaski County,

Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

37.     The Plaintiff, Shuvonne K. Johnson, is a resident and citizen of Pulaski County,

Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

38.     The Plaintiff, Travis W. Johnson, is a resident and citizen of Pulaski County,

Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B).

39.     The Plaintiff, Lorenzo D. Jones, is a resident and citizen of Pulaski County,

Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this

complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a

Detention Officer and was classified as an hourly employee to be paid straight time for all hours

worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle

pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

40.     The Plaintiff, Deborah Kearney, is a resident and citizen of Pulaski County, Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

41.     The Plaintiff, Larry J. Lambert, Jr., is a resident and citizen of Pulaski County, Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

42.     The Plaintiff, Elbert Lewis, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).  He is filing this complaint on behalf of himself and on behalf of all other

14

employees of Pulaski County Sheriff's Department, whether past, present or future, who are similarly classified.

43.     The Plaintiff, Petra A. Lewis, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

44.     The Plaintiff, Talesa Lewis, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

45.     The Plaintiff, Theodore Lewis, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

46.     The Plaintiff, Andrew L. Lockhart, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

47.     The Plaintiff, Sarita R. Love, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

48.     The Plaintiff, Ebony N. Mance, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

49.     The Plaintiff, Betty J. McCoy, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

50.   The Plaintiff, Norma J. McLemore, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

51.   The Plaintiff, Glenda C. Moore, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

52.   The Plaintiff, Brian K. Page, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171

and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

53.     The Plaintiff, Travis D. Riggs, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

54.     The Plaintiff, Felecia D. Robinson, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

55.     The Plaintiff, Wilbur A. Scarborough, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County

Personnel Policy Manual section 3(B). He is filing this complaint on behalf of himself and on behalf of all other employees of Pulaski County Sheriff's Department, whether past, present or future, who are similarly classified.

56.     The Plaintiff, Thomas L. Sicking, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

57.     The Plaintiff, Dylethat Simmons, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

58.     The Plaintiff, Pamela Smith, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is

commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

59.     The Plaintiff, Marc A. Stanley, is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

60.     The Plaintiff, Bradford L. Strohm, Sr., is a resident and citizen of Pulaski County, Arkansas. He was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

61.     The Plaintiff, Juwanna L. Sturd, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

20

62.    The Plaintiff, Roslyn Tensley, is a resident and citizen of Pulaski County, Arkansas.  She was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).  She is filing this complaint on behalf of herself and on behalf of all other employees of Pulaski County Sheriff's Department, whether past, present or future, who are similarly classified.

63.    The Plaintiff, Tyrus L. Townsend, is a resident and citizen of Pulaski County, Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

64.    The Plaintiff, David L. Vance, is a resident and citizen of Pulaski County, Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

65.     The Plaintiff, Jacquelyn Walker, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

66.     The Plaintiff, Betty L. Warren, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

67.     The Plaintiff, Kathy P. Webb, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

68.     The Plaintiff, Mesha L. Williams, is a resident and citizen of Pulaski County, Arkansas. She was hired by the PCRDF as a Detention Officer. At all times relevant to this

complaint, she was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

69.     The Plaintiff, Patrick R. Wilson, is a resident and citizen of Pulaski County, Arkansas.  He was hired by the PCRDF as a Detention Officer.  At all times relevant to this complaint, he was employed by the Pulaski County Sheriff's Department at the PCRDF as a Detention Officer and was classified as an hourly employee to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to what is commonly called the 207(k) of the FSLA and pursuant to Pulaski County Personnel Policy Manual section 3(B).

70.     The Defendant, Pulaski County, was the Plaintiffs' employer for all relevant time periods.  For a majority of the Plaintiffs, the Defendant is currently their employer and/or employer withing the meaning of the Fair Labor Standards Act, 29 U.S.C § 203(d).  Defendant, Pulaski County, is a local government agency within the State of Arkansas and may be served through its County Judge, Buddy Villines.

71.     The Plaintiffs seek an action for declaratory judgment under 28 U.S.C. § 2201 and 2202 and for compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 215, 216(b) and 217.

72.     Jurisdiction of this action is conferred on the Court by 29 U.S.C. § 216(b), 217; 28 U.S.C. § 1331 and 28 U.S.C. § 1337.  Venue lies within the district, pursuant to 28 U.S.C. § 1391.

73.     At all times material herein, Plaintiffs have been entitled to the rights, protection and benefits provided under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq* (hereafter referred to as "FLSA").

## FACTUAL ALLEGATIONS

74.     The Defendant, Pulaski County budgets and controls all financial matters for the Pulaski County Sheriff's Department.

75.     The Defendant requires the Plaintiffs, to report to the PCRDF 30 minutes before the beginning of each shift, but they are not paid for this time.  For example, they are required to report at 6:30 a.m. for the day shift, but their pay does not start accruing until 7:00 a.m.

76.     The Defendant requires the Plaintiffs come to work every day 30 minutes earlier than their shift. The Plaintiffs are not allowed to clock in at the time when they arrive at work.  Moreover, if they submit time sheets for overtime pay they are only allowed to report their start time for the day at 7:00 a.m.  The time sheets submitted for overtime and for regular pay are falsified upon order of administrators of the PCDRF.  Further, if they arrive at 6:31 a.m. they receive disciplinary write ups even though they are not being paid during the 30 minute period.

77.     The Plaintiffs are hourly employees to be paid straight time for all hours worked up to 171 and then time and a half for all hours worked over 171 in a 28 days pay cycle pursuant to the FSLA, 29 U.S.C. § 207(k) and Pulaski County Personnel Policy Manual section 3(B).  The Defendant did not pay straight time for all hours worked up to 171 and failed to include this time on a time sheet. The Defendant failed to provide compensatory time or pay the plaintiffs for overtime worked up to 171 hours.

78.    The Defendant has a policy in the past and in the present of not paying overtime to its employees and would use time sheets which were basically inaccurate. The Defendant knew about the inaccuracy of time sheets.

79.    The Plaintiffs submit that they are required in their employment to work during their meal periods. The Plaintiffs are not compensated in any way for this time. Moreover, the Plaintiffs have been uniformly instructed and forced to fill out fraudulent and inaccurate time sheets in direct violation of the FLSA.

80.    That the Defendant has been notified on previous occasions as to the violations of the FLSA. They have taken no action, despite demands and notice. The Defendant's actions are willful and are taken with knowledge that their acts violate the wage and hour provisions of the FLSA.

81.    That the unlawful policy followed by the Pulaski County Sheriff's Department has been in place for a period in excess of three (3) years and is in place at the present time.

## COUNT ONE

82.    In count one (1) of Plaintiffs' complaint, they ask the Court to enter a declaratory judgment, declaring that the Defendant has willfully and wrongfully violated its statutory obligations for a period in excess of three (3) years and at the present time, and deprived the Plaintiffs of their rights, protection and entitlements under law as alleged in Plaintiffs' complaint.

83.    The Plaintiffs further request the Court to enter a permanent injunction, restraining and preventing the Defendant from withholding the compensation that is due each of the Plaintiffs and from further violating their rights under the law.

84.    The Plaintiffs further ask that the Court order a complete and accurate accounting of all the compensation to which the Plaintiffs are entitled.

85.   That the Plaintiffs will ask this Court to award them monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation. The damages continue for a period from three (3) years prior to this lawsuit to the date of trial.

## ATTORNEY FEES AND COSTS

86.   That the Plaintiffs further ask the Court to award them their attorney fees, and their costs and expenses and disbursements in pursuing this cause of action.

WHEREFORE, the Plaintiffs pray that this Court enter a temporary restraining order, preventing the Defendant, or its agents, or any other official, from terminating the employment of the Plaintiffs until such time as this cause can be fully heard on its merits; further, that the Court enter a declaratory judgment, declaring that the Defendant has willfully and wrongfully violated their statutory obligation, and deprived the Plaintiffs of their rights, protection and entitlements under the law, and particularly the Fair Labor Standards Act as alleged herein; that the Court enter a permanent injunction, restraining and preventing the Defendant from withholding the compensation that is due each of the Plaintiffs and from further violating their rights under Fair Labor Standards Act and other appropriate laws; that the Court order a complete and accurate accounting of all the compensation to which Plaintiffs are entitled; that each Plaintiff be awarded monetary damages in the form of back-pay compensation, liquidated damages equal to their unpaid compensation, plus interest; that the Plaintiffs specifically pray for a jury trial; that the Plaintiffs should have their attorneys fees paid by the Defendant as well as their expenses, costs and any disbursements required to bring this cause of action; the Plaintiffs are further entitled to punitive damages and pray this Court grant them punitive damages in an amount sufficient to

exact punishment from the Defendant for its willful, intention and malicious actions toward the

Plaintiffs, both separately and severally; and any other just and proper relief to which they may

be entitled.

Respectfully submitted,

HOLLEMAN & ASSOCIATES, P.A.,
200 West Capitol Avenue, Suite 1620
Little Rock, AR 72201
(501) 975-5040

BY:   /s/John T. Holleman
      John T. Holleman, ABN 91056
      jholleman@johnholleman.net
      Maryn O. Jackson, ABN 2009111
      maryna@johnholleman.net