**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CHRISTOPHER ALLEN, ET AL. * | |
| * | |
| Plaintiff * | |
| * | |
| V. * | |
| * | NO: 4:10CV1514   SWW |
| PULASKI COUNTY * | |
| * | |
| Defendant * | |

**ORDER**

Before the Court is Plaintiffs' motion for a temporary restraining order and preliminary injunction (docket entries #62, #63).  Rules 65(a) and (b) of the Federal Rules of Civil Procedure provide that a temporary restraining order can be granted without written or oral notice to the adverse party,[1] while a preliminary injunction may be granted only if the adverse party has received notice.  In this case, Plaintiffs have provided Defendant a copy of the motion, and Plaintiffs do not assert that irreparable injury will result unless relief is granted before Defendant can be heard.  Accordingly, Plaintiffs' motion is properly characterized solely as a

---

[1] The court may issue a temporary restraining order without written or oral notice to the adverse party only if an affidavit or verified complaint clearly show that immediate and irreparable injury will result to the movant before the adverse party can be heard and the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).  To insure that the rights of all concerned are protected, these procedural safeguards must be scrupulously honored.  *See* Wright, A. Miller, & M. Kane, FEDERAL PRACTICE & PROCEDURE § 2952 at 271-72 (2d ed.1995).

motion for a preliminary injunction. Defendant is directed to file a response to the motion for a preliminary injunction on or before **Wednesday, December 7, 2011.** If necessary, a hearing will be set in a separate order.

IT IS SO ORDERED THIS 2nd DAY OF DECEMBER, 2011.

<u>/s/Susan Webber Wright</u>
UNITED STATES DISTRICT JUDGE