IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALLEN, ET AL. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV1514   SWW |
| PULASKI COUNTY | * | |
| | * | |
| Defendant | * | |

**ORDER**

Approximately ninety plaintiffs bring this action against Pulaski County ("the County") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201- 219.  Before the Court is Plaintiffs' motion for partial summary judgment (docket entries #37, #38, #39), the County's response in opposition and cross-motion for partial summary judgment (docket entries #47, #48, #49, #50 ), Plaintiffs' response in opposition to the County's cross-motion and reply in support of Plaintiffs' motion (docket entries #54, #55), and the County's reply (docket entry #58).  After careful consideration, and for reasons that follow, the Court finds that neither side is entitled to partial summary judgment.

**I.**

The parties have filed cross-motions for partial summary judgment on Plaintiffs' claim for straight-time compensation and the County's claim for credit against overtime deficiencies. Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  As a prerequisite to

summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing a genuine issue for trial.'" *Id*. at 587 (quoting Fed. R. Civ. P. 56(e)). "[A] genuine issue of material fact exists if: (1) there is a dispute of fact; (2) the disputed fact is material to the outcome of the case; and (3) the dispute is genuine, that is, a reasonable jury could return a verdict for either party." *RSBI Aerospace, Inc. v. Affiliated FM Ins. Co.*, 49 F.3d 399, 401 (8th Cir. 1995).

## II.

**Straight-Time Compensation**

The FLSA requires public agencies engaged in law enforcement activities to pay overtime at a rate of not less than one and one-half times the regular rate paid to non-exempt employees engaged in law enforcement for all hours worked in excess of 171 hours in a twenty-eight-day work period. *See* 29 U.S.C. § 207(k), 29 C.F.R. § 553.230(b). In addition to seeking overtime compensation allegedly due them, Plaintiffs seek straight-time compensation, *i.e.*, regular compensation for time worked under the overtime threshold of 171 hours in a twenty-eight-day period.

The County argues that Plaintiffs have no cause of action for straight-time compensation under the FLSA and cannot prevail under a breach of contract theory. Accordingly, the County

seeks summary judgment in its favor "with regard to every pay period . . . in which Plaintiffs' claims do not exceed 171 hours."  Docket entry #48, at 14.

Plaintiffs acknowledge that, as a matter or law, the FLSA provides no stand-alone claim for straight-time compensation.  *See Monahan v. County of Chesterfield, VA.,* 95 F.3d 1263, 1284 (4th Cir. 1996)("Absent a minimum wage/maximum hour violation, we find no remedy under the FLSA for pure gap [straight] time claims."); *Arnold v. Arkansas*, 910 F. Supp. 1385, 1394 (E.D. Ark. 1995)(holding that claims for straight time pay for work periods when no overtime was worked are not cognizable under the FLSA).   Instead, Plaintiffs bring claims for straight-time compensation under the theory that the Pulaski County Personnel Policy Manual ("the Manual") created a contract, which the County breached.  Plaintiffs note that the Manual provides:  "Law enforcement personnel are paid straight time for hours worked in excess of 160 up to 171."  Docket entry #38, Ex. A, Art. I, § 3(B).

The County maintains that the Manual is not an employment contract, pointing to the first paragraph therein, which reads:  "County employment is not for a specific period of time and employment may be terminated at any time, without notice (except for unpaid wages earned through termination date) and with or without cause."  *See* docket entry #38, Ex. A, Art. I, § 1(A).  The Manual also provides:

> It is the purpose and intent of the Personnel Policy to establish uniform personnel policies and benefits for all Pulaski County employees. The provisions of this policy are not intended to create a contract of employment and may be modified at any time by the Pulaski County Quorum Court.

*Id*., Art. I, § 1(B).

Under Arkansas law, a contract may be either express or implied, and the terms of a contract implied in fact can be inferred from the acts of the parties or the general course of

3

dealings between the parties, evaluated from the point of view of a reasonable person. *See Steed v. Busby,* 268 Ark. 1, 7, 593 S.W.2d 34, 38 (1980). While the Manual's provisions may preclude a wrongful discharge claim, the Court does not find that they preclude an at-will employee's reasonable expectation that he or she will be paid for hours worked.

The County contends that Plaintiffs cannot prevail under a breach of contract theory because the "record is void of any evidence showing that these hours were submitted for prior approval and approved by the elected official an/or department head as required by the policy." Docket entry #58, at 2. However, Plaintiffs allege that the County required them to report to work 30 minutes before the beginning of each shift and forbade them to clock in when they arrived at work. Whether Plaintiffs had a reasonable expectation of payment presents a question for trial. In sum, the Court finds that Plaintiffs are entitled to proceed with a supplemental claim for straight-time compensation based on state law and that neither side is entitled to summary judgment on these claims.

### Credit for Overpayments

The County asserts that it has made "overpayments" to Plaintiffs that are creditable against overtime deficiencies under 29 U.S.C. §§ 207(e)(5) and (h)(2). The "regular rate" at which an employee is employed–that is, the hourly rate actually paid an employee for normal, non-overtime work--is key to calculating overtime due because the overtime rate is one and one-half times the regular rate. *See Walling v. Youngerman–Reynolds Hardwood Co.*, 325 U.S. 419, 424, 65 S.Ct. 1242 (1945). Generally speaking, the regular rate at which an employee is employed is calculated by dividing all compensation paid for a particular pay period by the number of hours worked in that period, and it includes "all remuneration for employment paid to,

4

or on behalf, of an employee." *See* 29 U.S.C. § 207(e). The FLSA includes a list of exceptions to compensation that must be included in determining the regular rate. *See* 29 U.S.C. § 207(e)(1)-(8). However, there is a statutory presumption that remuneration in any form is included in the regular rate, and the burden is on the employer to establish that certain remuneration falls under one of the listed exceptions. *See Acton v. City of Columbia,* 436 F.3d 969, 976 (8th Cir. 2006)(quoting *Madison v. Res. for Human Dev. Inc.*, 233 F.3d 175, 187 (3rd Cir. 2000)).

Under § 207(e)(5), the following compensation is excluded from the Act's definition of regular rate:

> [E]xtra compensation provided by a premium rate paid for certain hours worked by the employee in any day or workweek because such hours are hours worked in excess of eight in a day or in excess of the maximum workweek applicable to such employee under subsection (a) of this section or in excess of the employee's normal working hours or regular working hours, as the case may be.

29 U.S.C. § 207(e)(5). Normally, sums excluded from the regular rate "shall not" be creditable toward overtime compensation required under the Act. *See* 20 U.S.C. § 207(h)(1). However, under § 207(h)(2), an employer may receive credit for extra compensation the meets the criteria set forth under § 207(e)(5).

In this case, County law enforcement officers work according to a twenty-eight work period comprised of 160 hours, which are designated as work, vacation, or holiday hours, and officers are paid every two weeks for 80 hours of work. The County reports that when an employee takes vacation or holiday and also works additional time during the same period, the County counts the vacation or holiday and the actual hours worked to determine the employee's total hours worked and whether he or she has exceeded 171 hours. According to the County,

pursuant to §§ 207(e)(5) and (h)(2), it is entitled to credit against any overtime liability "if a Plaintiff took a paid vacation or holiday and, when the paid vacation or holiday was used to calculate his/her pay, it resulted in Plaintiff receiving payment in excess of his/her regular rate of pay." Docket entry #48, at 7.

The County provides the following hypothetical example: An officer schedules 160 hours of vacation time during a twenty-eight-day period but actually works two, eight-hour days during that period. Under the County's accounting system, it pays the officer 160 hours vacation pay, plus eleven hours of straight-time pay and five hours of overtime. The County contends that under this scenario, it pays the officer twice for eleven hours (once as vacation pay and once as straight-time pay) plus five hours overtime that it is not required to pay under the FLSA. According to the County, under 29 U.S.C. § 207(h)(2) and § 207(e)(5), it would be entitled to credit for five hours of overtime and eleven hours of straight-time pay. Furthermore, the County maintains that such credits should be applied cumulatively, without regard to the work period in which they accrued. Plaintiffs disagree on all counts and seek a ruling that the County is not entitled to the relief sought.

Plaintiffs assert that § 207(e)(5) applies only to payments that exceed an employee's regular rate, and the Court agrees. As noted by Plaintiffs, the Eighth Circuit has held that § 207(e)(5) refers only to "premium payments," meaning payments greater than the regular rate and no less than one and one-third the employee's regular rate. *See Acton v. City of Columbia, Mo.,* 436 F.3d 969, 980 (8th Cir. 2006)(citing 29 C.F.R. § 778.308(b))("[Section] 207(e)(5) plainly excludes only 'premium' payments-that is, payments no less than one and one-third the employee's regular rate."). Accordingly, the Court finds that the County is not entitled to

overtime credit under § 207(e)(5) for payments made at an employee's regular rate.

As for overtime payments, because the County apparently included vacation and holiday hours in determining whether an officer exceeded the 171 hour threshold, it may have paid overtime when an officer did not actually work in excess of 171 hours. However, § 207(e)(5) applies to extra compensation provided by a premium rate paid for certain hours *worked* by the employee*,* and the County may not receive credit for payments made for non-work hours. *See* 29 C.F.R. § 778.216 (noting that payments not made as compensation for hours worked cannot be credited toward overtime compensation due under § 207(e)(5)).

In support of its motion, the County provides summary data for individual plaintiffs and pay periods, claiming that it paid the plaintiffs "additional hours above his/her regular rate of pay during the weeks indicated above." Based on such information, the County seeks "summary judgment that it is entitled to credit for that time . . . . " *See eg.*, docket entry #48, at 15. The data provided fails to demonstrate that the County paid extra compensation at a premium rate for hours worked. Additionally, because the County has failed to demonstrate that it is entitled to credit, the Court declines to address whether such credit would apply cumulatively. In sum, the Court finds that neither side is entitled to summary judgment on the issue of whether the County is entitled to credit against overtime under §§ 207(e)(5) and (h)(2).

### III.

For the reasons stated, it is hereby ordered that Plaintiffs' motion for partial summary judgment (docket entry #37) and Defendant's cross-motion for partial summary judgment (docket entry #54) are DENIED.

IT IS SO ORDERED THIS 15TH DAY OF DECEMBER, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE