IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALLEN, ET AL. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV1514 SWW |
| PULASKI COUNTY | * | |
| | * | |
| Defendant | * | |

**ORDER**

Current and past employees of the Pulaski County Regional Detention Facility ("PCRDF") bring this action against Pulaski County ("the County") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201- 219. Before the Court are (1) the County's motion to sever or, alternatively, for separate trial groups (docket entries #51, #52), Plaintiffs' response in opposition (docket entry #56), and the County's reply (docket entry #57); (2) Plaintiffs' motion *in limine* (docket entries #64, #65), the County's response in opposition (docket entry #69), and Plaintiffs' reply (docket entry #75); (3) the County's motion to compel interrogatory verifications (docket entries #71, #72), Plaintiffs' response in opposition (docket entry #79), and the County's reply (docket entry #87); (4) the County's motion *in limine* (docket entries #76, #77), Plaintiffs' response in opposition (docket entry #84 ), and the County's reply (docket entry #86); and (5) Plaintiffs' supplemental motion in limine (docket entry #90), the County's response in opposition (docket entry #92), and Plaintiffs' reply (docket entry # 95).[1]

After careful consideration, and for reasons that follow, the County's motion to sever is

---

[1] Also pending but not addressed in this order is Plaintiffs' motion for a preliminary injunction, which is scheduled for a hearing on January 30, 2012.

denied, but the Court will confer with counsel regarding the possibility of trial groups; Plaintiffs' first and supplemental motion *in limine* are denied in part, and Plaintiffs may resubmit the motions with respect to matters that will be decided closer to trial; the County's motion to compel interrogatory verifications is granted; and the County's motion *in limine* is denied in part, and the County may resubmit the motion with respect to matters that will be decided closer to trial. The Court's rulings on motions *in limine* are subject to revision based upon developments at trial. However, any motion to reconsider the Court's prior ruling on any matter should be made outside the hearing of the jury.

## Background

This case is related to another lawsuit filed in this Court, *Wright v. Pulaski County*, 4:09CV00065 SWW (E.D. Ark.), which was resolved by settlement. In *Wright*, past and current employees of the PCRDF claimed that the County willfully violated the FLSA by failing to compensate them for the thirty-minute period preceding their work shifts, time spent working during lunch breaks, time during which they were expected to volunteer, and time spent donning and doffing uniforms. The named plaintiffs in *Wright* sought collective action certification under 29 U.S.C. § 216(b), and the Court granted conditional certification.

By order entered August 24, 2010, the Court granted summary judgment in the County's favor with respect to claims for donning and doffing and volunteer time. In the same order, the Court decertified the conditionally-certified class and dismissed without prejudice the claims of individuals, hereinafter referred to as "opt-in plaintiffs," who had given their written consent to join the lawsuit.

Subsequently, the named plaintiffs in *Wright* moved to amend their complaint to add the claims of 99 "opt-in plaintiffs," whose claims had been dismissed without prejudice. The

County strenuously objected to Plaintiffs' motion, arguing that the deadlines for discovery and motions to amend had expired, and it would have inadequate time to prepare for trial if Plaintiffs' motion were granted.

The Court denied the motion to amend, finding that the named plaintiffs failed to show good cause to modify the Court's scheduling order and that the addition of 99 additional plaintiffs at such a late date would delay the proceedings and would not promote efficiency or conserve judicial resources. Days before the scheduled trial date, the parties informed the Court that the case had settled.

The "opt-in plaintiffs" in *Wright*, commenced this lawsuit on October 18, 2010, alleging that the County willfully violated the FLSA by failing to compensate them for the thirty-minute period preceding their work shifts and time spent working during lunch breaks. Plaintiffs also seek non-overtime or straight-time compensation under a breach of contract theory.

## **County's Motion to Sever or for Trial Groups**

Plaintiffs include approximately 107 current and former PCRDF employees. The County asks the Court to hold a separate trial for each plaintiff or, alternatively, to conduct separate trials for plaintiff groups.

As a threshold matter, the Court finds that Plaintiffs' claims are properly joined. Rule 20(a) of the Federal Rules of Civil Procedure allows multiple plaintiffs to join in a single action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Here, Plaintiffs allege that the County's policies of requiring them to report to work early but not

paying them for that time and requiring them to work during other time periods, including lunch breaks, without pay, violates the FLSA. The Court finds that Plaintiffs' claims arise out of the same series of transactions or occurrences and that litigation of Plaintiffs' claims is likely to involve common questions of law and fact.

      The Court now turns to the County's request for separate trials. Federal Rule of Civil Procedure 42(b) provides that for convenience, to avoid prejudice, or when separate trials will be conducive to expedition and economy, a court may order a separate trial of any claim or issue in a case. The County contends that the Court should order a separate trial for each plaintiff in order to avoid prejudice and jury confusion. According to the County, trying all claims in a single trial would require the jury to keep separate each plaintiff's claim and work history, presenting a monumental task that would prejudice the County. Additionally, the County contends that "Plaintiffs have the advantage if they can simply persuade the jury that they were denied some compensation, even if they can't be exact in their recollections of when or how longed each worked."[2] Docket entry #52, at 6-7. The County anticipates that Plaintiffs will consume little time presenting their cases, which will cause the jury to blame the County for the "mind-numbing detail that they will endure." *Id*. at 6.

      Plaintiffs point out that separate trials for each plaintiff would require that some plaintiffs

---

[2] Generally, an employee bringing suit under the FLSA has the burden of proving that he or she performed work for which he or she was not compensated. However, if the employer failed to maintain adequate records, the burden shifts to the employer to come forward with evidence of the precise amount of work performed or evidence to showing that the inference to be drawn by the employee's evidence is unreasonable. See *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946)  If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. *See id.*

and other witnesses testify several times at various trials.  Plaintiffs also note, and the Court agrees, that separate trials for each plaintiff would result in a waste of judicial and private resources.  Accordingly, the Court denies the County's request for separate trials for each plaintiff.

The County also proposes separate trial groups.  Time permitting, the Court will confer with the parties regarding the possibility of trial groups before or after the hearing on Plaintiffs' motion for a preliminary injunction.  If the Court is unable to address the issue at the hearing, the parties should request a telephone conference.

### Plaintiffs' First and Supplemental Motions in *Limine*

Trial in this case, originally scheduled to begin January 23, 2012, was recently continued to September 10, 2012.  Before the Court continued the trial date, Plaintiffs filed a motion *in limine*, asking the Court to exclude testimony and documentary evidence that the County failed to disclose as required under Rule 26 of the Federal Rules of Civil Procedure.  According to Plaintiffs, the County failed to identify a single witness or exhibit during the discovery period and failed to provide initial disclosures in accordance with Rule 26(a).

The County states that its failure to provide initial disclosures was inadvertent and that the initial disclosures it provided in *Wright*, in May 2009, list potential witnesses that are subject to be called as witnesses in this case.  According the to County, Plaintiffs never contacted defense counsel regarding the lack of initial disclosures, and "had they done so, the [disclosures] would have been provided forthwith."  Docket entry #70, at 4.  The County also asserts that Plaintiffs never provided initial disclosures as required under Rule 26(a), but Plaintiffs claim otherwise.  The County argues that if defense counsel had received initial disclosures from

Plaintiffs, "they would have immediately provided their own realizing the mistake." Docket entry #92, at 2. Finally, the County reports that it has now provided Plaintiffs with disclosures required under Rule 26(a).

Plaintiffs contend that pursuant to Rule 37(c)(1), the Court should prohibit the County from introducing any documents or witnesses at trial that the County failed to timely disclose. "Rule 37 does not provide for mandatory sanctions, and the district court may find that a party's failure to include a witness in the initial Rule 26(a)(1) disclosures was substantially justified or harmless." *Davis v. U.S. Bancorp,* 383 F.3d 761, 765 (8th Cir. 2004)(citing Rule 37(c)(1); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998)). Here, the County has provided a reasonable explanation for its failure to provide initial disclosures. Furthermore, because trial had been continued, Plaintiffs will have time to depose the County's witnesses and to review documents identified in the County's recent disclosures. Although the discovery deadline imposed by the Court's scheduling order has expired, the parties are directed to cooperate in efforts to ensure that Plaintiffs have an opportunity to depose witnesses identified in the County's disclosures.

Plaintiffs ask the Court to exclude additional evidence, including but not limited to jail log reports and Plaintiffs' work performance evaluations. Additionally, Plaintiffs ask the Court to exclude from evidence "all questions, evidence, or references to the Plaintiffs falsifying their damages spreadsheets or committing a perjury by not reporting accurate time on their time sheets." Docket entry #90, at 7. Plaintiffs should resubmit their motion as to these additional matters at a time closer to trial.

### County's Motion to Compel Interrogatory Verifications

The County asks the Court to compel Plaintiffs to sign, under oath, their answers to interrogatories. The County reports that it attempted to obtain interrogatory verifications without Court involvement, but several Plaintiffs have failed to comply.

In opposition to the County's motion, Plaintiffs quote the final scheduling order, which states that the Court will not be available to resolve disputes that arise during the course of extended discovery. Additionally, Plaintiffs state that the County's motion is moot because the vast majority of Plaintiffs have provided the requested verifications.

Federal Rule of Civil Procedures 33(b) requires that interrogatories addressed to an individual party must be answered by that party, that each interrogatory not objected to be answered in writing and under oath, and that "the person who makes the answers must sign them, and the attorney who objects must sign any objection." Fed. R. Civ. P. 33(b)(5). Where answers to interrogatories addressed to an individual party have not been personally signed by the party, he or she may be required to respond under his or her own signature. The verification requirement serves the critical purpose of ensuring that the responding party attests to the truth of the responses, and the Court finds that Plaintiffs are obligated to provide requested verifications. Accordingly, the County's motion will be granted.

### County's Motion *in Limine*

Previously, Plaintiffs filed a motion to "toll the statute of limitations for plaintiffs who were parties in *Wright* . . . . " Docket entry #17. With that motion, Plaintiffs asked the Court to "toll the statute of limitations as of January 30, 2009, the date *Wright* was filed, thereby allowing Plaintiffs to seek damages as of January 30, 2006." Docket entry #18, at 2. The Court denied

the motion, stating as follows:

> The FLSA statute of limitations requires that claims for violations be "commenced within two years after the cause of action accrued," unless the violation was "willful." 29 U.S.C. §255(a). If an employer's violation is willful, the Act extends the statute of limitations to three years. *Id.*   An action is commenced under the FLSA when a party files suit, *see* 29 U.S.C. § 256(a), but in the case of a collective action, if a party's name does not appear on the complaint, the action is commenced when that party files his or her written consent to become a part of the collective action.  *See* 29 U.S.C. § 256(b).
>
> The named plaintiffs in this case who were also opt-in plaintiffs in *Wright*, commenced an action under the FLSA when they filed written consent to join the conditionally-certified collective action.  The statute of limitations for claims of the opt-in plaintiffs in *Wright* stopped running from the date the opt-in plaintiffs filed notice consenting to join the collective action until August 24, 2010, when the Court decertified the conditional class.
>
> Plaintiffs' claims are not subject to dismissal under the FLSA's statute of limitations, and they do not ask the Court to toll the limitations period for the purpose of preserving their claims.  Instead, Plaintiffs ask the Court to find that the complaint filed in this case on October 18, 2010, relates back to date of the initial complaint filed in *Wright* on January 30, 2009, which would allow Plaintiffs to seek damages for a period that exceeds the two or three-year limitation periods provided under the FLSA.   The Court finds no authority or cause for granting such relief.

Docket entry #36.

The County now moves *in limine* to exclude testimony or evidence regarding "any claims by Plaintiffs that occurred prior to October 18, 2007."  The County asserts: "Plaintiffs who were 'opt-in' Plaintiffs in [*Wright*] should only be allowed to seek damages as of October 18, 2007 if a willful violation is found or October 18, 2008 if no willful violation is found."  Docket entry #77, at 2.  As stated in the July 28, 2011 order, the "opt-in plaintiffs" in *Wright* filed consent notices on various dates between February 8 and April 12, 2010.   As to these plaintiffs, the statute-of-limitations clock stopped running from the date plaintiffs filed consent notices until August 24, 2010, the date of decertification.  Accordingly, it is possible that all or a portion of

8

the named plaintiffs in this case have claims for overtime violations that accrued before October 18, 2007, which are not barred by the statute of limitations.

Finally, the County asks the Court to exclude any evidence regarding the litigation and settlement in *Wright,* arguing that such evidence would create the appearance that the County admitted fault. The Court is unable to determine at this time whether evidence regarding *Wright v. Pulaski County*, 4:09CV00065 SWW (E.D. Ark.) is relevant in this case or whether, if relevant, the probative value of such evidence is substantially outweighed by the danger of unfair prejudice. Accordingly, the County is instructed that it may resubmit its motion on this issue at a time closer to trial.

IT IS THEREFORE ORDERED that:

(1) Defendant's motion to sever (docket entry #51) is DENIED, but the Court will confer with counsel regarding the possibility of trial groups.

(2) Plaintiffs' motion *in limine* and supplemental motion *in limine* (docket entries #64, #90) are DENIED IN PART, and Plaintiffs may resubmit their motions with respect to matters that will be decided closer to trial.

(3) Defendant's motion to compel interrogatory verifications (docket entry #71) is GRANTED. Plaintiffs are directed to provide verifications in interrogatories within fourteen (14) days from the entry date of this order.

(4) Defendant's motion *in limine* (docket entry #76) is DENIED IN PART, and Defendant may resubmit its motion with respect to matters that will be decided closer to trial.

IT IS SO ORDERED THIS 6TH DAY OF JANUARY, 2012.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE