**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER ALLEN, ET AL. | * | |
| | * | |
| Plaintiff | * | |
| | * | |
| V. | * | |
| | * | NO: 4:10CV1514   SWW |
| PULASKI COUNTY | * | |
| | * | |
| Defendant | * | |

**ORDER**

      Current and past employees of the Pulaski County Regional Detention Facility ("PCRDF") bring this action against Pulaski County ("the County") pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201- 219. Before the court is Plaintiffs' motion to strike one of the County's proposed trial witnesses (docket entry #105), the County's response in opposition (docket entry #107), and Plaintiffs' reply (docket entry #108). After careful consideration, and for reasons that follow, the motion to strike is denied.

      By order entered January 6, 2012, the Court denied Plaintiffs' previous motion to exclude the testimony of witnesses on the basis of untimely disclosure. The Court found that the County provided a reasonable explanation for its failure to provide initial disclosures within the time limit required under Rule 26(a)(1)(C). Additionally, the Court directed the parties to cooperate in efforts to ensure that Plaintiffs have an opportunity to depose witnesses identified in the County's disclosures.

      Plaintiffs report that on March 16, 2012, counsel conferred and scheduled depositions of the County's witnesses, with the exception of a former PCRDF employee, Tommy Whitfield. By email dated March 28, 2012, the County informed Plaintiffs that it would call Michael

Haggerty in Whitfield's place, and that Haggerty would be available for deposition on April 10, 2012. *See* docket entry #105, Ex. B.

Plaintiffs agreed to substituting Haggerty in place of Whitfield on the condition that the County would not replace or add any new witnesses. *See id.* The County responded that while it did not anticipate additional changes to its witness list, it could not pledge that it would not add witnesses in the future. In its response to Plaintiffs' present motion, the County explains that it has a high employee-turnover rate, which may require it to amend its witness list again.

Plaintiffs assert that the Court should exclude Haggerty as a witness because the order entered January 6, 2012 only permitted depositions with respect to witnesses identified in the County's untimely, initial disclosures. Plaintiffs contend that they will be prejudiced if the County is permitted to continue changing its witnesses.

Pursuant to Rule 37(c)(1), if a party fails to identify a witness as required under Rules 26(a) or 26(e), that party is not permitted to call that person as a witness at trial unless such failure was substantially justified or harmless. In the case of Haggerty, the Court finds that striking him as a witness is not justified. The County named him as a replacement for a witness who no longer works for the PCRDF, and there is sufficient time for Plaintiffs to depose him prior to trial. In the event that the County makes further amendments to its witness list, Plaintiffs may seek relief under Rule 37(c)(1).

IT IS THEREFORE ORDERED that Plaintiffs' motion to strike (docket entry #105) is DENIED.

IT IS SO ORDERED THIS 2nd DAY OF MAY, 2012.

/s/Susan Webber Wright<br>UNITED STATES DISTRICT JUDGE